UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD L. SCHLATTER** | ) | Case No.  3:06 CV 1564 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **ROB JEFFRIES, WARDEN** | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Richard L. Schlatter pleaded guilty to three counts of receiving stolen property in the Common Pleas Court of Paulding County, Ohio and was sentenced on March 15, 2005 to incarceration for 3 years. Thereafter he was granted leave to file a counseled delayed appeal, which ultimately resulted in overruling his four assignments of error. See *State v. Schlatter*, 2005 WL 2335057 (Ohio App. 3 Dist.).[1] Schlatter failed to timely appeal from this decision, but on January 10, 2006 filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court explaining that he had been transferred temporarily to a facility in Indiana and did not receive notice

---

[1] 1. The trial court violated the Defendant's right to effective counsel by not granting Defendant's request for new counsel after Defendant presented evidence to the court that he did not have sufficient contact with his counsel.

2. An attorney's neglect in not providing discovery for the client's review amounts to ineffective assistance of counsel.

3. The trial court did not make the necessary findings at the sentencing hearing to impose consecutive sentences under Ohio law.

4. The trial court violated Defendant's constitutional right to a jury trial by imposing more than the maximum sentence based on findings of fact not submitted to a jury or admitted.

3:06 CV 1564                                        2

of the Ohio appellate court's decision. (Respondent's Ex. 15-17). The Ohio Supreme Court denied

leave to appeal. See *State v. Schlatter*, 108 Ohio St.3d 1470, 842 N.E. 2d 1051, 2006-Ohio-665

(Table Feb. 22, 2006). [2]

Belatedly, Schlatter applied under Ohio R. App. P. 26(B) to reopen his delayed appeal. The

application was denied and Schlatter presented four propositions of law to the Ohio Supreme Court,

which again denied the application to reopen appeal.[3]  See *State v. Schlatter*, 109 Ohio St.3d 1459,

847 N.E.2d 7, 2006-Ohio-2226 (Table May 10, 2006); Respondent's Ex. 19-26).

---

[2]  As an aside, at Schlatter's change of plea hearing, the Paulding County Prosecuting Attorney represented that the Allen County, Indiana prosecutor's office had agreed not to pursue any related charges. See Respondent's Ex. 6, "Hearing on Change of Plea" p. 2, ECF # 11-7).

[3]  Appellate counsel was ineffective for not raising:

Proposition of Law No. 1: When trial counsel does not allocate that the defendant's crimes were committed within a single course of criminal conduct and facilitated by the police in the investigation, wherefore, the defendant may be found guilty of all charges, but sentenced to only one sentence, or concurrent sentences, if not sentenced accordingly there is a double jeopardy error, ineffective assistance of counsel and due process errors, therefore, the defendant is not subject to consecutive sentences.

Proposition of Law No. 2: When trial counsel does not object to the trial court's impermissible double counting of defendant's prior conviction and imprisonment, to enhance the defendant's sentence, from the presumption of community control, to prison, then beyond the minimum prison term, then to consecutive sentences, thereby violating the Ohio Revised Code and defendant's due process rights, implicating double jeopardy concerns the case must be vacated and remanded for resentencing

Proposition of Law No. 3: When trial counsel did not object to the trial court's violation of Revised Code § 2929.41 by sentencing the defendant to consecutive sentences and not enumerating the Ohio Revised Code § 2929.14(E)(4), and reasons supporting same. When the trial court only parroted the Revised Code and did not give reasons supporting consecutive sentences, this cause a violation of the defendant's right to effective assistance of counsel under United States Constitution.

Proposition of Law No. 4: When trial counsel is ineffective to the prejudice of the defendant by not objecting, and/or allocating that three (3) separate counts of Receiving Stolen Property were in fact one charge, and that the State of Ohio could not prove the elements of three separate counts of receiving Stolen Property, because there was insufficient evidence to sustain a conviction of the defendant of three (3) separate counts of Receiving Stolen Property, thereby violating the defendant's due process, double jeopardy protections, and Ohio Revised Code § 2941.25, the matter must be vacated and remanded for a new sentencing hearing due to the ineffective assistance of trial counsel.
(Ex.25  pp. i-iii).

3:06 CV 1564                                      3

Thereafter, Schlatter timely filed *pro se* a petition for federal habeas corpus under 28

U.S.C.§2254. This petition contains ten grounds which have been exhausted since no state remedies

remain available. [4] See 28 U.S.C. §2254(c).

---

[4] **Ground for Relief No. 1:** Due process and access to court – Right to appeal denials.
Supporting Facts: An inmate (Jonathan A. Call) was assisting me in this habeas corpus filing pursuant to 28 U.S.C. 2254, the institution of this petitioner's confinement (North Central Correctional Inst. Confiscated my legal work on March 6th, 2006, when Mr. Call and myself were preparing this habeas. Mr. Call was placed in segregation for assisting me, and I did not get my legal work returned until April 12th, 2006 when Mr. Call was released from segregation. After Mr. Call's release from segregation I attempted to complete the habeas corpus petition with Mr. Call, 4/24/06. The institution again confiscated the habeas and held it until June 10, 2006.

**Ground for Relief No. 2:** Denial of effective assistance of counsel.
Supporting Facts: The defendant requested new counsel from the trial court but was refused, after defendant presented evidence that counsel did not investigate, or have contact with the defendant before trial. Defendant was also not afforded discovery from trial counsel after numerous attempts to correspond and call counsel via the telephone. Appointed trial counsel did not diligently represent his client, and without discovery could not have diligently represented the defendant at trial forcing the defendant into a plea situation where the defendant had to plead guilty.

**Ground for Relief No. 3**: Due process and equal protection violations.
Supporting Facts: The trial court was required by Ohio Supreme Court precedent to make findings of fact to impose beyond the minimum sentence and consecutive sentences on this defendant by Ohio statute. The trial court failed to afford the defendant due process by not enumerating the proper statutes and giving the proper findings to impose more than the minimum sentence and consecutive sentences. The consecutive sentences cannot stand, and the above the minimum sentences cannot stand due to the court's refusal to afford the defendant equal protection and sentence him as other offenders similarly situated are sentenced in the State of Ohio.

**Ground for Relief No.** 4: Denial of right to a jury to determine facts used to enhance the defendant's sentence beyond the statutory maximum allowed, without defendant admitting to those facts, said facts not being within the indictment.
Supporting Facts: The trial court denied the defendant the right to a jury determining the findings of fact that increased the defendant's sentence beyond the statutory maximum allowed by statute, not admitted to by the defendant, nor presented within the indictment. The trial court also used those same findings of fact to run the defendant's sentence consecutive while not affording the defendant the right to a jury determining those facts the defendant did not admit, nor were included within the indictment. Thereby resulting in a sentence that violated the defendant's Sixth Amendment right under the U.S. Constitution, under the U.S. Supreme Court's ruling in Blakely v. Washington.

**Ground for Relief No. 5:** Denial of right to effective assistance of appellate counsel, due process – double jeopardy.
Supporting Facts: The petitioner's appellate counsel did not raise error that prejudiced the petitioner when the trial court sentenced the petitioner to consecutive sentences when the crimes were committed within a single course of conduct, facilitated by the police in the investigation, the petitioner may be found guilty of all charges but sentenced to only one sentence, or concurrent sentences, when not sentenced accordingly there occurs a double jeopardy violation and due process errors, as in the case sub judice.

3:06 CV 1564                                4

***Ground one- Lack of "Fair Presentation" and lack of a Cognizable Claim:***

Respondent correctly contends that multiple procedural defaults combined with Schlatter's

lack of cause and prejudice to excuse these procedural defaults bar federal review of Schlatter's

grounds. Schlatter's first ground concerning state interference with legal assistance from an inmate

in preparing his habeas corpus petition concerned a matter not presented before the state courts.

Consequently, this issue has not bee fairly presented. Fair presentation of a constitutional claim

requires that the state courts be afforded "a meaningful opportunity to consider allegations of legal

error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257, 106

---

**Ground for Relief No. 6**: Denial of assistance of counsel.
Supporting Facts: When the defendant was arrested, the Municipal Court of Paulding County, Paulding City, held a probable cause hearing where the defendant requested counsel to be appointed the court denied the request and held the probable cause determinations. The Municipal Court one week later brought the defendant forth for a preliminary hearing without counsel, the Court denied the defendant's request for counsel again and held an evidence hearing forcing the defendant to represent himself, act as counsel and questioning witnesses.

**Ground for Relief No. 7:** Denial of effective assistance of trial counsel.
Supporting Facts: Same facts as stated above in ground five, trial counsel did not object to the court's actions mentioned above, failure to allocate a defense.

**Ground for Relief No. 8**: Denial of effective appellate and trial counsel.
Supporting Facts: Trial counsel did not object to the trial court's double counting aggravating factors to enhance defendant's sentence from community control, to beyond the maximum sentence, to consecutive sentences violating defendant's due process rights and causing a double jeopardy violation. Appellate counsel did not raise this assignment of error on appeal.

**Ground for Relief No. 9:** Denial of effective assistance of appellate and trial counsel.
Supporting Facts: The trial court violated the defendant's due process rights with no objection or assignment of error raised by appellate counsel or trial counsel when the trial court violated Ohio Revised Code § 2929.41 running the defendant's sentences consecutive and did not enumerate O.R.C. § 2929.14(E), and the reasons supporting same.

**Ground for Relief No. 10:** Violation of prohibition against double jeopardy cause by ineffective assistance of appellate and trial counsel.
Supporting Facts: Trial counsel did not allocate or object to the trial court illegally sentencing the defendant to three (3) counts of receiving stolen property that were only one act of criminal behavior on the defendant's part (one animus). The State of Ohio could not prove three separate counts of receiving stolen property, because there was insufficient evidence to sustain a conviction for three (3) separate counts under Ohio Revised Code § 2941.25, causing a double jeopardy violation when the court ran three counts separate for a sentence of three years, when each count was a one year sentence.

3:06 CV 1564                              5

S.Ct. 617, 88 L.Ed.2d 598 (1986); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379

(1982). Without question, the substance of the federal claim submitted for habeas corpus review must

be "fairly presented" to the state's highest court because only in this manner will the state courts have

been provided with a fair opportunity to pass upon and correct alleged violations of federal rights.

See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404

U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 109

S.Ct. 2546, 2557, 115 L.Ed.2d 640(1991).  Elaborating on the principles set out in *Rose v. Lundy*,

the Supreme Court in *Harris v. Reed*, explained the futility of bypassing the state courts:

> The rule requiring that a habeas petitioner exhaust available remedies in state court
> before seeking review of the same claims via federal habeas corpus serves two
> important interests. First, its roots lie in the respect which the federal courts owe to
> the procedures erected by the States to correct constitutional errors, and the
> confidence that state court  judges take, and should be encouraged to take, their
> constitutional duties seriously. Second, the rule furthers the interest in the efficiency
> of federal habeas corpus, by assuring that, in general, the factual and legal bases
> surrounding a petitioner's constitutional claim or claims will have been developed
> in a prior adjudication. See generally *Rose v. Lundy*, 455 U.S. 509, 518-519, 102
> S.Ct. 1198, 1203-1204, 71 L.Ed.2d 379 (1982).
>
> To protect these interests we have held that where a federal habeas petitioner raises
> a claim which has never been presented in any state forum, a federal court may
> properly determine whether the claim has been procedurally defaulted under state
> law, such that a remedy in state court is "unavailable" within the meaning of §
> 2254(c). See *Engle v. Isaac*, 456 U.S. 107, 125-126, n. 28, 102 S.Ct. 1558,
> 1570-1571, n. 28, 71 L.Ed.2d 783 (1982).
>
> *Harris v. Reed,*  489 U.S. 255, 268-269, 109 S.Ct. 1038, 1046 - 1047, 103 LEd.2d 308 (1989)

    There is little uncertainty that grounds presented for the first time in the federal petition have

been procedurally defaulted under state law. The failure to fairly present a ground to the Ohio

Supreme Court constitutes an "adequate and independent" state procedural rule barring habeas review

3:06 CV 1564                                     6

consistent with the requirements of *Maupin v. Smith*. [5] See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* 546 U.S. 821 (2005).

Generally, "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004), quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); and see *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000); *House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971). However, those considerations are unnecessary since the first ground fails to state a cognizable claim.

---

[5] To assess whether a habeas petitioner has procedurally defaulted on his claim the federal courts within the Sixth Circuit must consider the following four factors from *Maupin v. Smith*, 785 F.2d 135 (6th Cir.1986):

(1) whether there is a procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with this rule;
(2) whether the state courts actually enforced the state procedural sanction;
(3) whether the state procedural rule is an adequate and independent state ground to foreclose federal relief; and if so,
(4) whether the petitioner has established cause for his failure to follow the rule and actual prejudice from the alleged constitutional error.

*See Maupin v. Smith*, 785 F.2d at 138 (6th Cir. 1986)(citations omitted); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Beuke v. Houk*, 537 F.3d 618, 630 (6th Cir.2008).

7

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody; the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). An application for federal habeas corpus relief under 28 U.S.C. §2254 must directly dispute the fact or duration of confinement. *Id.*, at 500; *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1996). The "fact or duration" of physical confinement is at the core of federal habeas corpus. *Preiser*, 411 U.S. at 489-90. The first ground, which challenges interference with assistance from an inmate, does not serve as a constitutionally-based challenge to the core issue of habeas corpus, Schlatter's sentence.

### Grounds two, three four and six- Procedural Default before Ohio Supreme Court:

Respondent contends that Schlatter's second, third, fourth and sixth grounds correspond with his four assignments of error raised in delayed appeal, and are procedurally defaulted for untimely presentation to the Ohio Supreme Court. Respondent almost got it right. The sixth ground raises the new matter of a complete denial of defense counsel, and Schlatter has bypassed the state courts on yet another issue. (See Respondent's Ex.12, Brief of Appellant) The second habeas ground differs because it is a composite of the first and second assignments of error. The third and fourth habeas grounds, though, do correspond directly with their respective assignments of error in the state appellate court.

Concerning grounds two, three, and four, federal review of the issues which could have, but were not presented to the Ohio Supreme Court due to an untimely appeal is also barred by procedural default. See *Bonilla v. Hurley*, 370 F.3d at 497 and Ohio S.Ct. Prac. R. II §2(A)(4)(a)

8

Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  See Ohio S.Ct Prac.R. II §2(A)(1).  The Ohio Supreme Court may in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II §2(A)(4)(a).  However, in those instances where the Ohio Supreme Court chooses not to allow the delayed appeal, the Sixth Circuit  holds  in *Bonilla v. Hurley,* that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is presumed to enforce any applicable procedural bar. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave, and has been determined to be  an "adequate and independent" basis for procedural default consistent with *Maupin v. Smith*, which can foreclose federal habeas review.  See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).


While procedural default under *Bonilla v. Hurley* does not apply to ground six, that ground is procedurally defaulted as a new matter raised after bypassing the state courts. See  *Leroy v. Marshall*, 757  F.2d at 99; *Rust v. Zent*, 17 F.3d at 160; *Lordi v. Ishee*, 384 F.3d at194.


*Lack of "Cause and Prejudice" to Excuse the Procedural Defaults for Grounds two, three, four and six:*

Picking up with the previous explication of the need to establish cause and prejudice to overcome procedural default in state court. "Cause" is a legitimate excuse for the default and

9

"prejudice" is the actual harm resulting from the alleged constitutional violation. *Jamison v. Collins*, 291 F.3d 380, 386 (6ᵗʰ Cir. 2002). To establish "cause" a petitioner must present a substantial reason based on "some objective factor external to the defense ." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Rust*, 17 F.3d at 161; *Ritchie v. Eberhart*, 11 F.3d 587, 591 (6ᵗʰ Cir. 1993), *cert. denied* 510 U.S. 1135 (1994). "Petitioner has the burden of showing cause and prejudice to overcome a procedural default. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir.1999) (citing *Coleman*, 501 U.S. at 754, 111 S.Ct. 2546)." *Hinkle v. Randle,* 271 F.3d 239, 245 (6ᵗʰ Cir.2001); and see *Maupin v. Smith,* 785 F.2d 135, 139 (6ᵗʰ Cir.1986).

There is no "cause" to excuse the procedural default on the newly presented issues contained in ground six.  However, Schlatter argued to the Ohio Supreme Court that his delay was excusable due to a three month transfer to prison facilities in Indiana. This certainly is an objective factor external to the defense and was a matter presented to the Ohio Supreme Court.  "Cause" may arise from "some interference by officials,. . . . [which]  made compliance impracticable." *Murray v. Carrier* 477 U.S. at 488, 106 S.Ct. at 2645; *Strickler v. Greene*, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) ("cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule.")

In order to reach the merits of the defaulted grounds, Schlatter must in addition demonstrate prejudice. The first two assignments of error, as consolidated in ground two, raise ineffective assistance of counsel. Schlatter, though, had pleaded guilty so he must challenge counsel's

10

effectiveness *via* the standard  that defendant show that there was a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  See

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Maples v. Stegall*, 340

F.3d 433, 439-40  (6th Cir. 2003).  Schlatter made no such allegation to the state courts. His claim

is far weaker since he argues only that he was "ill-informed about possible defense before his guilty

pleas" and he was denied "a fair trial by not allowing him to adequately determine whether he

should proceed to trial." (Ex.12, pp 5-6). His argument was based on *Strickland v. Washington*, 466

U.S. 668 (1984), which had been modified in *Hill* to suit the narrowed circumstance involving guilty

pleas. As a result he cannot demonstrate prejudice due to the Ohio Supreme Court's rejection of his

appeal since he did not claim he would have insisted on going to trial.


The third and fourth assignments of error, which correspond with grounds three and four,

raise sentencing error: first, under *State v. Comer*, 99 Ohio St.3d 463 (2003); followed by argument

based on *Apprendi v. New Jersey*, 530 U.S. 466,  120 S.Ct. 2348, 147 L.Ed.2d 435  (2000)  and

*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Schlatter challenged

the imposition of an aggregate 3-year consecutive sentence  as non-compliant with the requirement

under Ohio Rev. Code §2929.14(E)(4) of stated reasons from the trial court for imposing more than

minimum concurrent sentences. See *State v. Comer*, 99 Ohio St. 3d 463, 793 N.E.2d 473, 2003-

Ohio-4165 (2003). The maximum penalty for Schlatter's fourth degree felony offenses of receiving

stolen property in violation of Ohio Rev. Code §2913.51(A) is 18 months under Ohio Rev. Code

11

§2929.14(A)(3).  Prior to *State v. Foster*, [6] pursuant to Ohio Rev. Code §2929.14(E)(4), the trial

court could order the sentences to run consecutively when the court found that: (1) the consecutive

sentence is necessary to protect the public from future crime or to punish the offender, (2) the

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public, and (3) at least one of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [residential, non-residential or financial sanctions], or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

> Ohio Rev. Code §2929.14(E)(4).

Schlatter argued the state trial court only partially complied with the state sentencing

statutory requirements, but failed to address any of the factors under §2929.14(E). Had *Comer*

---

[6] *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), *cert. denied* - U.S. -, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006). The Ohio Supreme Court in *Foster*, evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in *Apprendi*, *Blakely*, and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Ohio Supreme Court determined that "Ohio's felony, sentencing plan is a "hybrid" of determinate and indeterminate sentencing, (*Foster*, 109 Ohio St.3d at 12), and, the court severed the determinate aspects of the system. *Id.* at 17. Following the lead of state supreme court decisions in Indiana and New Jersey, (*Foster*, 109 Ohio St.3d at 27 n.98), the Ohio Supreme Court eviscerated § 2929.14(B)'s presumption in favor of a minimum term and severed § 2929.14(E)'s fact-finding requirements prior to imposing consecutive sentences. *Id*. at 20. The Ohio Supreme Court struck down the statutory requirments that permitted judges to impose heightened sentences only after engaging in additional fact-finding found unconstitutional in *Blakely*. *Foster*, at 25.

12

remained "good law" at the time of the delayed appeal to the Ohio Supreme Court, then Schlatter would have had a foundation for prejudice by the trial court's non-adherence to *Comer*'s requirements. *Comer,* though, was abrogated on February 27, 2006, *by State v. Foster*, a mere 5 days after the Ohio Supreme Court had rejected Schlatter's motion for delayed appeal, and the Ohio Supreme Court ruled that it would apply *Foster* to sentences currently under review. See *State v. Mathis,* 109 Ohio St.3d 54, 61-62, 846 N.E.2d 1, 8, 2006-Ohio-855 (2006). As a result any appeal based on *Comer* would not guarantee a different outcome, since after *Foster* the state trial court is freed from the unconstitutional duties imposed by §2929.14(E). Schlatter carries the burden of demonstrating actual prejudice, and he cannot show with reasonable probability that he would now receive a more favorable sentence if the court were to grant his habeas request for relief. Compare, *Shafer v. Wilson* 2007 WL 315760, 11 (N.D.Ohio,2007); *Smith v. Petkovich*, 562 F. Supp. 2d 912, 922-23 (N.D. Ohio 2008)(When ground has not been procedurally defaulted, a dispute exists over whether *Blakely* error is presumably harmless).


And then there is the fact that Schlatter had stipulated to his 3-year consecutive sentence in plea negotiations and that sentence was imposed by the trial court consistent with Ohio Rev. Code §2953.08(D)(1). In the March 7, 2005 plea transcript, the state prosecutor stated that there was a negotiated plea agreement with recommendation "that the Defendant be sentenced to twelve months on each one of the three counts in the indictment and that the recommendation would also be that those would run consecutive." (Respondent's Ex. 6, ECF # 11-7, "Hearing on Change of Plea"). No doubt this would have impacted his *Comer* argument unfavorably, and it dooms the argument from ground four based on *Blakely*. Nothing prevents a defendant from waiving his right to jury findings

13

with respect to sentencing.  When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either consents to judicial fact-finding, or as Schlatter did,  stipulates to the relevant facts.  See *Apprendi*, 530 U.S. at 488, 120 S.Ct. 2348; *Blakely v. Washington*, 542 U.S. at 310, 124 S.Ct. at 2541.  "[T]here are significant differences . . . between a sentence which results from a [sentence-stipulated] plea agreement and other sentences that the court computes independently..." *United States. v. Cieslowski*, 410 F.3d 353, 356 (7th Cir. 2005). "The Sixth Amendment does not apply to agreed-upon facts; it regulates the decisionmaker of disputed facts." *United States v. Bradley,*  400 F.3d 459, 462 ( 6th Cir.2005), *cert. denied*, 546 U.S. 862, 126 S.Ct. 145, 163 L.Ed.2d 144 ( 2005).  Accordingly,  "when the sentence the court imposes is legal under the governing statute and results from the defendant's exclusive agreement, it is not affected by the judge's perception" of sentencing rules. *Cieslowski*, 410 F.3d at 356. There was no judicial fact-finding and there was concession and waiver.  Consequently, Schlatter cannot establish prejudice under *Blakely* stemming from the denial of his appeal.

### *Grounds five, and seven through ten:*

Respondent argues that federal collateral review is barred by two procedural defaults,  failure to present these claims in a timely application to reopen direct appeal and preclusion of appeal under Ohio Rev. Code. §2953.08(D)(1). In general,  "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007) (quoting *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citation omitted)).

14

*Untimely presentation:*

Respondent links these grounds with Schlatter's Ohio R. App. P. 26(B) application to reopen appeal and argues that these grounds are defaulted as a result of their untimely presentation to the state appellate court with filing after 90 days following sentence and without "a showing of good cause for untimely filing."   See Ohio R. App. P. 26(B)(1)and 26(B)(2)(b). This constitutes a procedural default based on an adequate an independent state procedural rule consistent with the requirements of *Maupin v. Smith*.  See *Monzo v. Edwards*, 281 F.3d 568, 577-79 (6th Cir. 2002); *Smith v. Dept. of Rehab. and Corr.*, 463 F.3d 426, 436 n. 7 (6th Cir. 2006) (applying *Monzo*); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007); *Parker v. Bagley*, 543 F.3d 859 (6th Cir. 2008).[7]  The state appellate court had denied the application to reopen for lack of good cause to excuse untimely filing under Ohio R. App. P. 26(B)(1) and 26(B)(2)(b) **and** held that "the issues and assignments of error raised by appellant fail to show that there is a genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal. App. R. 26(B)(5). See *State v. Reed* (1996), 74 Ohio St.3d 534, applying the analysis of *Strickland v. Washington* (1984), 466 U.S. 668." (Respondent's Ex. 22.) The fact that the state court digressed into a discussion of the merits is

_____

[7]    The application to reopen appeal was mailed, according to the certificate of service on December 21, 2005, within the 90-day period from the state appellate  court's September 26, 2005 opinion. (Respondent's Ex. 19).  However, the courts in Ohio have rejected the "prison mailbox rule" from *Houston v. Lack*, 487 U.S. 266(1988). See *State ex re. Tyler v. Alexander*, 52 Ohio St.3d 84, 555 N.E.2d 966 (1990). The state courts have also rejected the 3-day extension provided in Ohio R. Civ. P. 6(E). See *Martin v. Lesko*, 133 Ohio App.3d 752, 756, 729 N.E.2d 839 (1999); *Williams v. Williams*, 2006 WL 1413260, 2 (Ohio App. 5 Dist.), under the maxim, "[w]here the triggering event is the service, by mail, of a paper upon a party, Civ .R. 6(E) applies; where the triggering event is the filing of a document, it does not apply." *Id.*. The triggering event for the application to reopen appeal was the filing of the court decision on September 26, 2005 and the application to reopen did not reach the clerk of court's hands until January 3, 2006. Schlatter correctly anticipated that his application would be untimely and titled it "application for delayed reopening of appeal."

15

inconsequential to the efficacy of the procedural default. because "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law (emphasis in original)."*Harris v. Reed*, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); and see *Coe v. Bell*, 161 F.3d 320, 330 (6th Cir.1998), *cert. denied*, 528 U.S. 842 (1999) ("The alternative holding does not require us to disregard the state court's finding of procedural bar.").

Federal collateral review is barred by the untimely filing of the application to reopen appeal, and Schlatter fails to demonstrate "cause" and "prejudice" to overcome this procedural bar, or make the alternative demonstration of a fundamental miscarriage of justice that resulted in the conviction of an actual innocent.  See *Schlup v. Delo*, 513 U.S. 298, 320-322, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995); *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*,   547 U.S. 518, 521-522, 536-37, 126 S.Ct. 2064, 2068, 2076, 165 L.Ed.1 (2006).

*Effect of Ohio Rev. Code §2953.08(D):*

Alternately, respondent argues that there is a procedural bar against federal review of these five grounds by the prohibition against appeal posed by Ohio Rev. Code §2953.08(D)(1). Respondent contends that appellate counsel cannot be deemed to have been ineffective in not

16

presenting these claims where appeal of the sentence had been  waived pursuant to Ohio Rev. Code §2953.08(D)(1).

Ohio Rev. Code § 2953.08(A) permits a defendant who is convicted of a felony to appeal the sentence imposed by the trial court with the notable exception  provided in division (D)(1) that, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

Respondents' contention presents quite a conundrum. First,  it is not altogether clear that this prohibition against appeal of an agreed sentence presents a matter of substantive law, as opposed to a procedural rule. "The application of the substantive-procedural distinction  to a statute or rule is not without difficulty, as the substantive and procedural laws are not always mutually exclusive." *State v. Slatter,* 66 Ohio St.2d 452, 455, 423 N.E.2d 100, 102 (1981). The state courts recognize that "substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress."*State ex rel. Holdridge v. Industrial Commission,* 11 Ohio St.2d 175, 178, 228 N.E.2d 621, 623 (1967).  The courts in Ohio may view this statute as providing a procedural method of review or enforcement.  See *Gregory v. Flowers* 32 Ohio St.2d 48, 55, 290 N.E.2d 181, 186 (1972), quoting the first syllabus from  *Payne v. Keller* 18 Ohio App.2d 66, 247 N.E.2d 311 (1969) (" Section 28 of Article II of the Ohio Constitution prohibiting retroactive laws applies to laws affecting substantive rights, not to laws of a remedial nature providing rules of practice, courses of procedure or methods of review."). On the

17

other hand, the statute can be viewed as countermanding the right to appeal- negatively impacting on a substantive right.  Second, is the statutory prohibition waivable? Respondent's position is that it is not.  However,  it could be argued that the State waived this prohibition against appeal since Schlatter 's claimed sentencing errors in his third and fourth assignments of error were adjudicated on their merits in the direct appeal. Third, to address this argument would require assessing the extent of non- reviewability of the "sentence" within its intended meaning within §2953.03. Schlatter's Ohio R. App. P. 26(B) challenge is directed at appellate counsel's effectiveness, but the arguments certainly indirectly contest his 3-year sentence. The state courts did not resolve these issues and there is no need to resolve them on habeas review.

Respondent is presenting this substantive state rule as a procedural default. The state decision rejecting the application to reopen appeal did not "clearly and expressly" state that its judgment rested on §2953.08(D)(1). However, respondent has previously established that grounds five and seven through ten have been defaulted without the counterbalancing effect of cause and prejudice. The point has become moot  since a firm basis for procedural default exists under an adequate and independent state procedural rule.

### CONCLUSION AND RECOMMENDATION

Federal review of this petition is foreclosed by procedural bar from the state courts' application of adequate and independent state procedural rules absent Schlatter's demonstration co cause and prejudice to excuse the procedural default or establishing actual innocence. Accordingly petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which

18

resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  The  record discloses no error resulting in denial of fundamental fairness or cause to hesitate due to the  probability of actual innocence.   There has been no demonstrated need for an evidentiary hearing.  It is recommended that this application for habeas corpus be denied.


s/James S. Gallas
United States Magistrate Judge

Dated: December 1,  2008

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).